J-S09014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN J. FLOYD, | |
| Appellant | No. 1770 EDA 2016 |

Appeal from the PCRA Order May 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0813171-1980

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 29, 2017**

Appellant, Calvin Floyd, appeals *pro se* from the order denying his most recent petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the procedural history of this case as follows.  On February 24, 1981, a jury convicted Appellant of first-degree murder and related crimes.  The jury sentenced Appellant to death, and the trial court imposed the sentence on October 6, 1982.  On November 24, 1984, our Supreme Court affirmed Appellant's conviction.  **Commonwealth v. Floyd**, 484 A.2d 365 (Pa. 1984).  However, our Supreme Court agreed with Appellant's argument that the prosecutor improperly argued in closing

---

[*]  Retired Senior Judge assigned to the Superior Court.

argument during the sentencing hearing "that the jury should pronounce a sentence of death because of the possibility that Appellant might one day be released from prison if he received a life sentence." *Id*. at 370. Accordingly, our Supreme Court reduced Appellant's death sentence to a term of life imprisonment. *Id*.

Appellant has since filed a series of petitions seeking collateral relief.[1] Specifically, on January 4, 1988, Appellant filed a petition for collateral relief under the Post Conviction Hearing Act ("PCHA"), the predecessor of the PCRA,[2] which was ultimately denied on April 3, 1991. On December 16, 1991, a panel of this Court affirmed the denial of post-conviction relief. ***Commonwealth v. Floyd***, 606 A.2d 1228, 1051 PHL 1991 (Pa. Super. filed December 16, 1991) (unpublished memorandum).

On August 29, 1996, Appellant filed a PCRA petition, and the PCRA court denied relief on October 9, 1996. Appellant filed an additional PCRA petition on December 31, 1996, and the PCRA court denied relief on June 11, 1997. On April 4, 2001, Appellant filed another PCRA petition, which the PCRA court dismissed on March 8, 2003. Appellant filed his next PCRA petition on June 30, 2003. The PCRA court again denied relief, and this

---

[1] We observe that relief was denied by the court of common pleas as to each of Appellant's post-conviction petitions, and that Appellant appealed to this Court in only two of those instances.

[2] The PCHA was repealed and replaced by the PCRA for petitions filed on or after April 13, 1988.

Court affirmed the PCRA court's decision on August 10, 2005. *Commonwealth v. Floyd*, 885 A.2d 574, 804 EDA 2004 (Pa. Super. filed August 10, 2005). On August 12, 2008, Appellant filed yet another PCRA petition, which the PCRA court ultimately denied on August 30, 2010.

On December 28, 2012, Appellant filed *pro se* the instant petition, titled as a petition for writ of *habeas corpus*. On February 4, 2014, and June 5, 2014, Appellant filed amended petitions for writ of *habeas corpus*. In an order and opinion dated May 9, 2016, the court of common pleas denied relief after concluding that certain portions of Appellant's petitions should be considered under the PCRA, while another portion should be considered to be a proper petition for writ of *habeas corpus*.[3] This timely *pro se* appeal followed.

---

[3] We note that in addressing Appellant's instant filing, the PCRA court properly bifurcated the matter and considered a portion of the filing to be a PCRA petition and a portion to be a *habeas corpus* petition. PCRA Court Opinion, 5/9/16, at 2-5. Specifically, the PCRA court reviewed whether Appellant's claim that his continued detention is unlawful because the Department of Corrections does not possess a sentencing order and determined that it falls outside of the PCRA pursuant to this Court's precedent in *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), but nevertheless found the claim to lack merit. PCRA Court Opinion, 5/9/16, at 4-5. The PCRA court properly observed that "there is no statutory obligation for the Department of Corrections to maintain or produce documents such as, the sentencing order, upon request of an inmate." *Id*. at 4 (citing *Joseph*, 96 A.3d at 371). Interestingly, the PCRA court noted that Appellant attached to his filing a written copy of his judgment of sentence, which imposed a term of life imprisonment. *Id*. at 4 n.3. We have reviewed the certified record and agree that a written judgment of sentence, which
*(Footnote Continued Next Page)*

Appellant attempts to present the following issues for our review, which we reproduce verbatim:

1. Whether Appellant's Habeas Corpus Ad Subjiciendum alleging Constitutional violations was properly denied by Judge Leon W. Tucker of the Philadelphia Court of Common Pleas without issuing the Writ or Order as a matter of due course, for Appellant did not file a PCRA?

2. Whether Appellant's detention is lawful in view of the fact that Pennsylvania has not Murder Statute-therefore, there is no Sentencing Order?

3. Whether the Pennsylvania Supreme Court's 1984 vacation of Appellant's death sentence and imposition of a New Sentence of Life in prison was properly conducted under 42 Pa. C. S. subsec. 9711 (h) (2) and 42 Pa. C. S. subsec. 9711 (h) (4), still, in absence of a Murder Statute, no remand, and nor resentencing hearing to preserve a sentencing transcript?

4. Whether Philadelphia Police Homicide detectives Phillip Checcia and his partner, detective Aikens along with Assistant prosecutors, Gerald Dugan and John DiDanato withhold exculpatory material evidence, threaten, terrorize, and coerce another witness to alter his testimony, then, under Gerald Dugan's lead, who initiated preliminary proceedings involving Appellant, fashioned a so-called Prima Fascia case against Appellant, then have himself removed from the case and reentered as an ineligible witness to bolster the terrorized witness's testimony, conspire to perpetrate fraud upon the Judicial Machinery of the Philadelphia Court of Common Pleas to fashion the face of the record as it reads violated his Constitutional rights to due process?

5. Whether Appellant never being notified in 1991 that the Pennsylvania Superior Court dismissed his appeal to the denial of his first PCHA petition, which precipitated the following PCRA petitions, holds merit as a denial of due process?

_(Footnote Continued)_ ───────────

imposes a term of life imprisonment upon Appellant, exists and was appended to Appellant's instant filing at Exhibit A.

Appellant's Brief at 6. However, the argument portion of Appellant's *pro se* brief to this Court consists of the following two paragraphs:

Appellant states and avers that in the absence of a murder statute his detention is unlawful. Every stage of due process was violated beginning with the exclusion of the eyewitness who could have changed the outcome of the trial. This is a Brady violation. Initially, Appellant was sentenced to death. The Pennsylvania Supreme Court vacated that sentence and suggested a New Sentence of life in prison, however, under the sentencing statutes, 9711 (h) (2) and 9711 (h) (4), Appellant should have been remanded for re-sentencing.

That was thirty-two years ago. Technically, therefore, Appellant languishes in prison without a sentence.

Appellant's Brief at 19.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Initially, we must ascertain whether this matter is properly before us. We begin by determining whether the PCRA court correctly considered the

majority of Appellant's petition to be a PCRA petition. If so, we then determine whether the petition satisfied the timeliness requirements of the PCRA.[4]

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis**. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By

---

[4] We observe that Appellant has not presented to this Court an issue or argument relating to the claim which the PCRA court considered to fall outside of the PCRA, *i.e.*, whether Appellant is properly detained because the Department of Corrections allegedly does not possess a sentencing order. Therefore, we will not address this concern.

its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claims at issue, *i.e.* whether Appellant's various procedural due-process rights were violated and whether the trial court had statutory authority to impose the sentence of life imprisonment, are available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> > * * *
>
> > (vii) The imposition of a sentence greater than the lawful maximum.

42 Pa.C.S. § 9543(a)(2)(i), (vii). Thus, the statute indicates that claims of a constitutional nature and those that challenge the lawfulness of a sentence are cognizable under the PCRA. **Id**.

- 7 -

Essentially, Appellant is attacking the validity of his underlying murder conviction and the lawfulness of his sentence of life imprisonment. Because such claims are cognizable under the PCRA, Appellant is precluded from seeking relief on these claims pursuant to a petition for writ of *habeas corpus*. Thus, the PCRA court had no authority to entertain these claims except under the strictures of the PCRA.

We next address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16,

1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

---

[5] The exceptions to the timeliness requirement are:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that Appellant's conviction of first-degree murder was affirmed by our Supreme Court on November 20, 1984. *Floyd*, 484 A.2d 365. Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on January 21, 1985,[6] sixty days after the Pennsylvania Supreme Court affirmed Appellant's conviction and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 20.1.[7] Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on December 28, 2012, does not qualify for the grace *proviso* as it was not filed

---

[6] We note that, for purposes of this Court's computation, Appellant would have needed to file a petition for *writ of certiorari* on or before Monday, January 21, 1985, because January 19, 1985 was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

[7] We observe that the Rules of the Supreme Court of the United States pertaining to the time limit for filing a petition for *writ of certiorari* have changed various times in relation to both length of time and rule number. Rule 20.1, which was applicable to this case, required the filing of a petition for a *writ of certiorari* within sixty days after the Pennsylvania Supreme Court's decision and became effective August 1, 1984.

before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). Our review of the record reflects that Appellant has not alleged, nor has he proven, that any of the three exceptions to the timeliness requirement of the PCRA is satisfied. 42 Pa.C.S. § 9545(b)(1). Thus, the PCRA court did not err in denying Appellant's untimely PCRA petition.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017